UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTINA LANEY,

                Plaintiff,

-vs-                                        Case No. 2:09-cv-678-FtM-29SPC

HOSPITAL BOARD OF DIRECTORS OF LEE
COUNTY, a political subdivision of the State of
Florida, corporation doing business as Lee
Memorial Health System,

                Defendant.
_____

## ORDER

This matter comes before the Court on Defendant's Emergency Motion to Compel Mental Examination of Plaintiff (Doc. #35) filed on June 18, 2010. The Court directed Plaintiff to file a response to the Emergency Motion by June 21, 2010, at 5:00 p.m. Plaintiff filed her response and thus the matter is now ripe for review.

Pursuant to Local Rule 3.01(e), "[m]otions of an emergency nature may be considered and determined by the Court at any time, in its discretion. The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Defendant filed its request as an emergency motion because it requests a mental examination of Plaintiff on June 24 or 25, 2010, in advance of the June 30, 2010 expert report deadline set in this case.

Plaintiff filed this action on October 14, 2009, wherein she asserts that Defendant Hospital Board of Directors of Lee County, d/b/a Lee Memorial Health System ("Hospital Board") violated 42 U.S.C. § 1983 and the 5th and 14th Amendments to the United States Constitution for allegedly depriving her of her property interest in her government employment without due process. Plaintiff

also alleges that Defendant discharged her from employment in violation of the Florida Whistleblower Law. Plaintiff was employed as a respiratory therapist at the Lee County Memorial Hospital's neo-natal intensive care unit and was terminated from employment on April 17, 2009.

With regard to damages, Plaintiff seeks, among other things, recovery of unspecified compensatory damages, which are unliquidated. The record also shows that Plaintiff stated in her Answer to Interrogatory No. 8 of Defendant's First Set of Interrogatories that she has suffered "mental anguish" as a result of Defendant's alleged conduct described in her Complaint. Further, on May 20, 2010, Defendant took Plaintiff's deposition at which Plaintiff testified that she is depressed due to difficulty sleeping, weight gain, and "just not wanting to do what you normally would do." In addition, Plaintiff testified at length the extent to which she believes she was "emotionally, mentally and professionally" damaged by her termination of employment from Lee Memorial. Plaintiff testified that her "whole life has changed"; "emotionally [she] feels drained some days" and suffers from anxiety; she "does feel like the same person [she was]"; and she attributes not sleeping to the emotional and mental damage suffered as a result of her termination. She also testified that she cannot go anywhere, enjoy the things she used to, does not want to be around people, and is humiliated. (Laney depo. 282:3-285:4). Plaintiff attributes all of this to her termination of employment from Lee Memorial. Plaintiff has not been diagnosed by a medical professional as having depression or any other mental health condition and Plaintiff also has not produced any medical records to support such a condition.

Defendant filed the instant motion seeking an Order compelling Plaintiff to undergo an independent medical examination (IME) with Dr. Eric M. Kaplan, M.D., a licensed psychiatrist, near Plaintiff's home in Ft. Myers, Florida on either June 24 or 25, 2010, at a time reasonable for both

parties. Defendant asserts that the examination is expected to last 4.5 hours. Defendant understands that Dr. Kaplan's examination would consist of an oral interview and a "battery of psychiatric tests" and that "any tests conducted by Dr. Kaplan will be recognized and accepted within the field of modern psychiatric practice." Pl. Br. at pg. 7. Counsel for the parties have apparently attempted to negotiate and determine conditions for the examination that would allow Plaintiff to agree. Dr. Kaplan agreed that the examination could be videotaped because Plaintiff did not want to be in the examination room alone with him. And again at Plaintiff's request, Dr. Kaplan agreed that he would allow Plaintiff to have a representative present during the examination provided that the representative did not participate in the examination and sits in a location outside of Plaintiff's line of sight. Despite the attempts by Dr. Kaplan to accommodate Plaintiff's request, Plaintiff continued to reject being examined by Dr. Kaplan.

> Rule 35 of the Federal Rules of Civil Procedure states in pertinent part:
>
> When the mental or physical condition (including the blood group) of a party or of a person . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Fed. R. Civ. P. 35(a).

To be entitled to an IME, under the terms of the Rule, the Defendant must establish that the Plaintiff has put her mental condition "in controversy" and must also show "good cause" for the IME. Courts have developed several factors used to determine whether or not a Rule 35 motion should be granted. Schlunt v. Verizon Directories Sales-West, Inc., 2006 WL 1643727 * 2 (M.D. Fla. June 12, 2006). Those factors used by courts to address "in controversy" requirement in Rule 35 are as follows: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an

allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress: (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that her mental condition is in controversy within the meaning of Rule 35." Id. (citing Bethel v Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D. Ga. 2000) (internal quotations omitted)). Courts often merge the factors used to determine good cause with those used to demonstrate the in controversy requirements. Schlunt, 2006 WL 1643727 at * 2. Moreover, courts have found good cause when questions arise regarding the substantial cause and extent of emotional problems. Id. (citing Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D. R.I. 1995)).

Here, with regard to the "in controversy" requirements, Defendant argues that Plaintiff has placed her mental condition in controversy by asserting a claim of mental injury. She contends that she has suffered mental anguish and is depressed as a result of Defendant's alleged actions, for which she seeks recovery of unliquidated compensatory damages. Defendant also argues it has satisfied the "good cause" requirement for having Plaintiff psychiatrically examined because there are no other means of discovery by which Defendant can ascertain the information to defend against this claim. Plaintiff has produced no medical records to support the claim and testified that she has not been diagnosed by a health care professional with the condition for which she claims to suffer.

In response, Plaintiff asserts that she has only alleged mental anguish as a "peripheral matter" and mental anguish is not an injury that puts her psychological status directly in controversy. Plaintiff also states that deposition testimony describing her feelings of the effect her termination has had on her is not enough to place the plaintiff's mental condition in controversy under Rule 35. Plaintiff cites Ali v. Wang Lab., Inc., 162 F.R.D. 165, 167 (M.D. Fla. 1995) for the proposition that

a claim for emotional distress alone is not enough to place the plaintiff's mental condition in controversy under Rule 35. While the Ali case did recognize this, it also recognized that a court should look at the record evidence offered by the plaintiff regarding their mental status. The plaintiff in that case went beyond a mere claim for emotional distress by claiming he "lost his self esteem and was embarrassed to call on his former customers; he was "very depressed and remains depressed"; and he suffered "humiliation and embarrassment." Id. at 168. Plaintiff further argues that Defendant has not alleged that Plaintiff contends that she was diagnosed with a specific psychiatric disorder. This argument is without merit. It has been recognized that Rule 35 only requires that a person's mental condition be placed in controversy and "does not require specific claims of personality alterations or behavioral disorders." Schlunt, 2006 WL 1643727, at *3.

The Court finds that Plaintiff has clearly alleged that she is suffering from ongoing depression and emotional instability as a result of Defendant's actions, which is sufficient to meet the "in controversy" and "good cause" requirements of Rule 35. *See* Henry v. City of Tallahassee, 2000 WL 33310900, *2 (N.D. Fla. Dec. 6, 2000) ("A Rule 35(a) examination may be warranted if a claim of continuing emotional distress is made."). Plaintiff herself testified at her deposition over one year after she was terminated that she continues to suffer mental anguish, depression, humiliation, and anxiety as a result of her termination and is seeking damages for these alleged emotional injuries. This case is analogous to Ali. Since Plaintiff has placed her mental condition in controversy and claims damages for mental anguish, Defendant should have the opportunity to challenge Plaintiff's claim and testimony through an expert witness even if Plaintiff does not intend to offer expert testimony herself. "The testimony of an expert is a well recognized and reasonable

way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion." Ali, 162 F.R.D. at 168.

Now that the Court has found that the in controversy and good cause requirements have been met, Rule 35 requires that the Court's Order specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. As a condition to examination, Plaintiff requests that a third-party representative be allowed to attend the examination, which Defendant opposes. The Court has discretion to determine who may be present at the examination. Tarte v. U.S., 249 F.R.D. 856, 858 (S.D. Fla. 2008). The majority of federal courts have held that attorneys, court reporters, and recording devices are distractions and may "turn a neutral examination into an adversarial event." Schlunt, 2006 WL 1643727, at *4. It is Plaintiff's burden to show good cause for the request to have a third party present. Id. The Court also notes that Rule 35 provides certain safeguards for plaintiffs. A plaintiff may request a detailed written report of the examiner with his specific findings, which must be provided. Fed. R. Civ. P. 35(b). Further, a plaintiff may raise any objections to the examiner's findings from the exam through her own expert or lay opinion.

In this case, Plaintiff argues that she has a legitimate concern for the need of a third party because she has two pending charges of discrimination against Defendant that are not part of this action. The second charge was filed on June 1, 2010, and alleges that Defendant has informed Plaintiff's college that she could not continue to participate in any portion of her college program at any of its facilities. Plaintiff requests that measures be taken to ensure that her pending charges are not addressed during the examination, and that the IME is not used as a vehicle to gain information for defense of the pending charges. The Court finds that Plaintiff has not shown good

cause for her request to have a third party present. Plaintiff has again not given this Court reason to question whether Dr. Kaplan would perform the examination ethically or be influenced by the Defendant, its attorneys, or her pending charges of discrimination, or if Dr. Kaplan is even aware of the pending charges. Should Dr. Kaplan improperly inquire, Plaintiff will have the opportunity to seek to exclude the use of the questioning at trial or cross-examine him on the issue. Notably, Plaintiff did not object to Defendant's choice of Dr. Kaplan as the examiner. Thus, Plaintiff has not persuaded the Court that any third party ought to be present during the examination.

As to scope, Dr. Kaplan believes that the examination is expected to last approximately 4.5 hours. Thus, the Court will limit the exam to 5 hours. *See* Schlunt, 2006 WL 1643727, at *4 (finding 5 hours for a mental exam reasonable, absent good cause shown). During Rule 35 examinations, courts often allow "routine procedures." Trenary v. Busch Entertainment Corp., 2006 WL 3333621, *4 (M.D. Fla. Sept. 12, 1995). Plaintiff has not requested that the Court place any limitations or conditions on the examination. Even so, the Court finds that Dr. Kaplan's examination should be limited to issues that reasonably relate to the existence and extent of the mental or emotional distress suffered by Plaintiff as an element of her compensatory damages claim. Plaintiff claims that Defendant's motion is silent as to what "battery of psychiatric tests" are to be administered to Plaintiff during the IME and is worried that hypnosis or medication could be used. Defendant did assert though that the tests will be recognized and accepted within the field of modern psychiatric practice. The Court agrees with a previous order from the Middle District of Florida in which the court was "hesitant to limit the types of tests which should be administered, as it believes Dr. Kaplan is more informed to make such a judgment." Thus, the types of tests will be within the discretion of Dr. Kaplan. Plaintiff has given this Court no reason to believe that Dr. Kaplan would

not perform the examination legally and ethically. Plaintiff may introduce a contrary expert report if they do not agree with the examination and may also depose and cross-examine Dr. Kaplan.

As for date, time, and place of examination, Defendant requests that the examination take place on June 24 or 25, 2010, in a neutral location specified by Dr. Kaplan near Plaintiff's home in Ft. Myers, Florida. Defendant requests these dates because it will allow time for the examination to be completed and an expert reported to be prepared by Dr. Kaplan within the June 30, 2010, expert report deadline set in this case. Plaintiff informs the Court that she will be out of town on these dates, returning June 28, 2010, and because she attends college classes, she is unavailable on Tuesdays and Thursdays. Thus, Defendant is given up to and including July 9, 2010, to conduct the IME of Plaintiff. The examination shall take place at a location specified by Dr. Kaplan near Plaintiff's home in Ft. Myers, Florida at a time that is mutually agreeable to Plaintiff and Dr. Kaplan and shall last no more than 5 hours. Accordingly, the Court will extend the expert report deadline to July 16, 2010.

Finally, Defendant requests that it be awarded its reasonable attorneys' fees and costs associated with the filing of this Motion. Defendant provides the Court with no basis upon which fees and costs should be awarded and thus will deny the request. "Nothing in Fed. R. Civ. P. 35 entitles Defendant to bring attorneys' fees and costs in bringing this [motion to compel mental examination of plaintiff]." <u>Gray v. Florida</u>, 2007 U.S. Dist. LEXIS 55236, *8 (M.D. Fla. 2007).

Accordingly, it is now

**ORDERED:**

(1) Defendant's Emergency Motion to Compel Mental Examination of Plaintiff (Doc. #35) is **GRANTED** in part and **DENIED** in part. The Court will allow the IME but not for the dates that Defendant requests.

(2) The mental examination shall be conducted by Dr. Eric M. Kaplan, M.D., at a date reasonable for both parties, **on or before July 9, 2010.** Plaintiff shall attend the examination unaccompanied by any observers.

(3) The examination shall take place at a location specified by Dr. Kaplan near Plaintiff's home in Ft. Myers, Florida, at a time that is reasonable for both Plaintiff and Dr. Kaplan.

(4) The total time required of Plaintiff shall not exceed 5 hours, absent good cause shown.

(5) The parties shall disclose their expert reports **on or before July 16, 2010.**

(6) Defendant's request for attorneys' fees and costs associated with the filing of this Motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record