UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KRISTINA LANEY,**

 **Plaintiff,**

v.             **CASE NO.: 2:09-CV-678-FTM-29 SPC**

**HOSPITAL BOARD OF DIRECTORS OF LEE COUNTY, d/b/a LEE MEMORIAL HEALTH SYSTEM, a political subdivision of the State of Florida, corporation,**

 **Defendant.**
_____/

**DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

 Defendant Lee Memorial Health System,[1] by and through its undersigned attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court for entry of an Order dismissing Count I of Plaintiff's Amended Complaint. Plaintiff's Count I, Class Action Complaint Concerning Lack of Due Process, fails to state a claim upon which relief can be granted and Defendant is entitled to dismissal of that count. In support of this Motion, Defendant relies on the following memorandum of law.

**PRELIMINARY STATEMENT**

 Plaintiff Kristina Laney was employed with Lee Memorial Health System (hereinafter "Defendant" or "LMHS") from February 1987 until the termination of her employment on April 17, 2009. *See* Amended Complaint [Dkt. 46] at ¶¶ 13 and 14. At the time her employment was terminated, Plaintiff was employed as a respiratory therapist in the Neonatal Intensive Care Unit

---

[1] Plaintiff has named the wrong defendant in this suit. The proper defendant is Lee Memorial Health System.

(NICU).  *See* Amended Complaint [Dkt. 46] at ¶ 4.  Plaintiff alleges that Allan Cunningham, the director of respiratory therapy, terminated her employment based on allegations of insubordination, poor judgment, poor attitude towards co-workers, not following department policy and "patient safety."  *See* Amended Complaint [Dkt. 46] at ¶ 14.  According to Plaintiff, her termination was upheld following a June 24 Grievance Committee hearing which made allegations against her in addition to those contained in her notice of termination.  *See* Amended Complaint [Dkt. 46] at ¶ 15.  Plaintiff also claims that during the Grievance hearing, all the testimony was unsworn; a number of allegations were supported by nothing other than hearsay; she was not allowed to compel the attendance and testimony of necessary witnesses; and the witnesses that would have been helpful to her were limited in number, were scheduled to work thereby making their appearances virtually impossible, and were told by Hospital Board personnel that they did not need to appear at the hearing.  *Id.*

In her Amended Complaint, Plaintiff alleges that Defendant employs several thousand persons who qualify as "public employees" as envisioned by Florida Statute § 447.203(3) (2009).  *See* Amended Complaint [Dkt. 46] at ¶ 6.  Plaintiff also asserts in a conclusory fashion that Florida's Public Employee Relations Act guarantees all public employees a property interest in their employment such that they can only be dismissed for cause following a grievance hearing by a neutral selected by the parties.  In support of this position, Plaintiff relies on select provisions of Florida Statute Chapter 447 "Labor Organizations."  *See* Amended Complaint [Dkt. 46] generally.

Moreover, without providing specific authority, Plaintiff also claims that Florida public-employment law requires that in any termination, the public employer afford the public employee being terminated both a pre-deprivation notice adequately advising the employee of

2

1123581.1

the specific allegations against her and a post-deprivation proceeding. *See* Amended Complaint [Dkt. 46] at ¶ 9. Plaintiff further claims that the Hospital Board's grievance policy contains no appeal mechanisms consistent with the provisions of Florida Statute § 447.401 (2009). Plaintiff alleges that the conduct of Defendant, by its management employees and in accordance with Defendant's policies, deprived Laney of her alleged constitutionally protected property interest in her public employment. *See* Amended Complaint [Dkt. 46] at ¶ 17.

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the U.S. Constitution not only for herself but also on behalf of others similarly situated who have had their employment terminated by Defendant without due process of law during the four-years preceding the filing of this action. *See* Amended Complaint [Dkt. 46] at ¶¶ 18-20. Plaintiff seeks damages for herself, and others similarly situated, as well as injunctive relief and attorney's fees and costs. *See* Amended Complaint [Dkt. 46] generally.

## **MEMORANDUM OF LAW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). However, even when accepting the facts alleged as true, a court may grant a motion to dismiss when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993). Therefore, a motion to dismiss pursuant to Rule 12(b)(6) should be granted when it

3

appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

For the following reasons, Plaintiff is not entitled to relief under Count I of her Amended Complaint.

A. **Plaintiff Does Not Have a Property Interest in Her Employment.**

Plaintiff alleges that she was denied due process of law when her employment with Defendant was terminated. The right to procedural due process arises out of a two part test. First, Plaintiff must establish a property interest in her employment and second, she must prove that the process she was afforded, if any, was less than that which is constitutionally required. *Board of Regents v. Roth,* 408 U.S. 564 (1972). "In assessing a claim based on an alleged denial of procedural due process a court must decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest. Absent such a deprivation, there can be no denial of due process." *Economic Dev. Corp. v. Stierheim,* 782 F.2d 952, 953-54 (11th Cir. 1986).

In *Board of Regents v. Roth,* the Supreme Court discussed the basic principles governing the existence of property interests subject to procedural due process protections: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577. The Court further explained how such a claim of entitlement may be created: "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Id.* After *Roth,* the Supreme Court clarified the relationship between state law and the creation of a property interest, holding that

"the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341 (1976). Property interests spring "from an entitlement that a person has bargained for or has been granted by the government." *Schneider v. Indian River Community College Foundation, Inc.*, 875 F.2d 1537 (11th Cir. 1989).

Plaintiff makes a sweeping statement that Florida courts have recognized "public employment as a property interest of which one cannot be deprived absent due process of law." *See* Amended Complaint [Dkt. 46] at ¶ 7. Plaintiff appears to be arguing that all public employees in the State of Florida have a property interest in their employment. This is not true as a general rule. Public employees only have a property interest where such an interest has been created. See *Susanno v. Lee County Board of County Commissioners*, 852 F.Supp. 980, 985 (M.D. Fla. 1994)(holding that "[u]nder Florida law, unless an employment agreement indicates to the contrary, employees are deemed to have an at-will status" and that employees in Florida have an at-will status unless there is a specific indication to the contrary); *Schneider v. Indian River Community College Foundation, Inc.*, 875 F.2d 1537, 1544-45 (11th Cir. 1989)(holding that employees of state community college radio station did not have a property interest in employment and were at-will employees); *Liff v. City of Cocoa*, 745 So.2d 441 (Fla. 5th DCA 1999)(holding that department head for city was at-will employee). A property interest can be created by statute, ordinance, an employment contract, or a set of rules that specify a term of employment or give rise to an expectation of continued employment. See *Stewart v. Town of Zolfo Springs*, 1997 WL 689448 (M.D. Fla. August 27, 1997).

In support of her sweeping statement that all public sector employees have a property interest in their employment, Plaintiff may rely on *Joshua v. City of Gainesville*, 768 So.2d 432, 439 (Fla. 2000) for the claim that "public employment is a constitutionally protected interest".

5

While this statement is contained in dicta in the *Joshua* opinion, this reference is misleading. First, the cases cited by the Court in support of this do not hold that Florida public sector employees have a such a property interest. In fact, the cases hold exactly as the cases cited above hold – that a property interest can be created for public sector employees through a statute, ordinance, contract or policy. Second, in *Joshua*, the Court analyzed the time period in which an aggrieved individual had to file a lawsuit after having filed a complaint with the Florida Commission on Human Relations under Florida Statute Chapter 760. The Court reasoned that a four year statute of limitations applied in cases where the FCHR had not met its burden of properly disposing of the charge of discrimination in the 180 days set forth by statute. The Court reasoned that to hold otherwise would deny the aggrieved individual his protected property interest in having his complaint processed and heard by the state agency; the property interest at issue in the case was that associated with violations of the FCRA, not property interests in employment. Third, there are no cases wherein a Florida court has actually held that such a property interest is automatic, or which have applied this stray dicta from *Joshua* to arrive at such a conclusion.

Notwithstanding this stray remark in *Joshua* that Plaintiff is taking out of context, the case law is clear that public sector employees do not have a property interest unless one is specifically created by statute, ordinance, contract or policy. Recognizing this, in her Amended Complaint, Plaintiff cites to Florida Chapter 447 as the underlying basis for the alleged property interest in her employment. Plaintiff cannot, however, establish a property interest in her employment with Defendant. The statutes Plaintiff cites in her Amended Complaint as creating a property interest, do not, as a matter of law, create such a right.

1. **Chapter 447 of the Florida Statutes does not create a property right for all public employees but rather regulates collective bargaining for public employees.**

Plaintiff appears to be making a blanket statement that every public employee in Florida has a property interest in employment and cannot be an "at-will employee" because of Florida Statutes Chapter 447 (Florida Public Employees Relations Act).  See Dkt. # 20, p. 5.  This statement is completely without support under the law.  In fact, if Plaintiff's assertion were true, then there would be no need to determine whether public sector employees in Florida have a property interest using the analysis set forth above and applied by numerous courts over the years.  According to Plaintiff's theory, all of the cases that analyzed and held public sector employees were indeed at-will employees are wrong and that every single public sector employee in Florida has a property interest.  This statement by Plaintiff is completely contrary to the plethora of case law which has analyzed the issue to determine whether a property interest has been created by statute, ordinance, contract or policy.

To reach her erroneous conclusion, Plaintiff relies on specific, discreet sections of Florida Statutes Chapter 447 as support for the proposition that she, and others similarly situated, have a property interest in their employment with Defendant.  See Amended Complaint [Dkt. 46] generally.  However, Plaintiff's reliance is misplaced.  Chapter 447 provides for and regulates collective bargaining for public employees and has no application in situations such as this when there is no union representation or collective bargaining agreement.

The statutes selectively cited by Plaintiff are part of statewide legislation regulating collective bargaining for public employees.  Chapter 447, Labor Organizations, was created as an "Act to Regulate the Activities and Affairs of Labor Unions, Their Officers, Agents, Members, Organizers, and Other Representatives; Making Provision for Suits and Process By and Against

the Same; Requiring Certain Fees; Declaring Certain Public Policy of the State; Giving Certain Definitions and Recognizing Certain Rights as Belonging to Employees; Exempting Certain Labor Organizations from its Provisions; Providing Certain Penalties and Punishment for Violation; With a Saving Clause in Case of Unconstitutionality; and Repealing All Laws and Parts of Laws in Conflict Herewith. Laws 1943, c. 21968." The preliminary paragraphs of Section 447.01 clearly explain that in exercising its sovereign constitutional power, it is the policy of the State of Florida to regulate the activities and affairs of labor unions in the manner provided by the chapter. Fla. Stat. § 447.01 (2009). Count I of Plaintiff's Amended Complaint rests squarely on Plaintiff's unsupported argument that Chapter 447, or at least specific parts of it, apply to Plaintiff regardless of the fact that Plaintiff is not a party to or covered by a collective bargaining agreement. Plaintiff sets forth no authority for the proposition and, in fact, none exists.

The plain reading of the statute shows that its clear intent was to govern the relationship between public employers and unions. A review of the legislative history also supports this reading of the statute[2]. The subject legislation was a culmination of efforts to establish standards and guidelines governing collective bargaining by public employees in order to implement the rights guaranteed to public employees under Section 6, Article I, Florida Constitution. *Maxwell v. School Bd. of Broward County,* 330 So.2d 177, 178 (Fla. 4th DCA 1976) citing *Dade County Class. Teach. Ass'n, Inc. v. Legislature*, 269 So.2d 684 (Fla. 1972). Article I, Section 6 of the Florida Constitution guarantees the right of Florida workers-both public and private-to

---

[2] In construing statutory provisions, the courts will give effect to legislative intent. Legislative intent is the polestar that guides a court's statutory construction analysis. *State v. J.M.,* 824 So.2d 105, 109 (Fla. 2002). "To discern legislative intent, courts must consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute." *State v. Anderson,* 764 So.2d 848, 849 (Fla. 3d DCA 2000) (citing *McKibben v. Mallory,* 293 So.2d 48, 52 (Fla. 1974)).

8

collectively bargain.  Specifically, Section 6 provides that the: "right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike." Art. I, § 6, Fla. Const.  The Legislature in 1974 enacted the Public Employees Relations Act ("Act") to implement this right for public employees. *Service Employees Intern. Union, Local 16, AFL-CIO v. Public Employees,* 752 So.2d 569 (Fla. 2000).  The Act is codified in Part II, Chapter 447, of the Florida Statutes.

The general purpose of the Act includes protecting the public employees' right of organization and representation; requiring the state, local governments, and other political subdivisions to negotiate with bargaining agents duly certified to represent public employees; creating a Public Employees Relations Commission to assist in resolving disputes; and providing remedies against public employees who interrupt the operation and functions of the government. Fla. Stat. § 447.201 (2009).  The Act simply defines the rights of public employers and employees regarding the election of employee organizations as bargaining representatives, collective bargaining, and unfair labor practices procedures.  Nothing in the Act creates an all encompassing property interest in public employment for public employees in Florida.

Rather than reading Chapter 447 as a whole, Plaintiff's claims revolve around the piecemeal reading of select sections contained within that chapter.  In her Amended Complaint, Plaintiff cites to portions of sections within Chapter 447 omitting crucial language that undermines her position.³  It is an axiomatic principle of statutory construction that statutes are to

---

³ In her Amended Complaint, Plaintiff cites to §§ 447.203(2) and 447.203(3) definitions of a "public employee" and "public employer."  The definitions provided by the Chapters cited

9

be read in their entirety, not in a piecemeal fashion. Courts "follow the cardinal rule that a statute is to be read as a whole, see *Massachusetts v. Morash,* 490 U.S. 107, 115, (1989), since the meaning of statutory language, plain or not, depends on context," *Nipper v. Smith,* 39 F.3d 1494 (11th Cir. 1994) citing *King v. St. Vincent's Hosp.,* 502 U.S. 215, 221 (1991).

In Florida, the plain meaning of the statutory language is the first consideration of statutory construction. See *Edwards v. Safeguard Ins. Co.,* 323 F.Supp.2d 1263 (M.D. Fla. 2004) *citing Capers v. State*, 678 So.2d 330, 332 (Fla. 1996). When the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no reason to resort to other rules of statutory construction. *Id*. at 1265 *citing Verizon Florida, Inc. v. Jacobs,* 810 So.2d 906, 908 (Fla. 2002). Therefore, Chapter 447 should be interpreted according to the fair import of its terms and to further the general purposes stated within the Act and not as Plaintiff wants to do in piecemeal fashion. A reading of the statute as a whole makes clear that the provisions of the statute only apply in certain circumstances, i.e., in situations involving union representation and collective bargaining. Plaintiff has not plead the existence of union representation or collective bargaining and therefore this statute does not apply.

    2.    **Florida Statutes §§ 447.209 and 447.401 do not create a property interest in employment for public employees such as Plaintiff.**

Plaintiff claims that she has a property interest in her employment because § 447.209 provides that public employers can only "take disciplinary action for proper cause, and relieve its employees from duty because of lack of work or for other legitimate reasons." See Amended Complaint [Dkt. 46] at ¶ 8(a). Plaintiff's interpretation of § 447.209 is incorrect. Florida Statute § 447.209 defines the rights of public employers within the context of collective

---

by the Plaintiff are specific and applicable only to Chapter 447 and in the context for which the Chapter was created. *See* Fla. Statute § 447.203.

10

bargaining and does not create a de jure property interest in employment for all public employees within the State of Florida. That section "rather than conferring a general property interest upon public employees of Florida, expressly reserves to employers the traditional management prerogatives that are involved in operating a business, insofar as they are not exploited (1) to refuse contractually obligatory grievance procedures, or (2) to commit unfair labor practices." *Tanner v. McCall,* 441 F.Supp. 503, 508 (M.D. Fla. 1977), *aff'd* on other grounds, 625 F.2d 1183 (5th Cir. 1980). In *Tanner*, the Middle District of Florida specifically held that Section 447.209 did not create a property right for the plaintiff in a situation where there was no collective bargaining agreement or union representation. *Id.* In fact, that court specifically held that a general property right does not exist and Chapter 447 does not create one. As this is the only case directly considering the application of Chapter 447 when there is not union representation, this Court should follow the reasoning in *Tanner*.

Defendant's research revealed only one other case that has interpreted § 447.209 in the context of a public employee's claim to a property rights in his employment, however, in that case, the parties were represented by a union and had a collective bargaining agreement. In *Kamenesh v. City of Miami,* 772 F.Supp 583 (S.D. Fla. 1991), the plaintiff was a 22 year veteran of the police department covered under a collective bargaining agreement. The plaintiff brought an action against city and police officials under § 1983 alleging violations of his constitutional rights and of state law after his duties were changed following an unsuccessful attempt to terminate his employment. In its motion for summary judgment, the defendant argued that although Florida Statute § 447.209 applied, neither that statute or the parties' collective bargaining agreement created any rules or mutual understandings sufficient to establish for Plaintiff "a legitimate claim of entitlement" to continued employment devoid of discretionary

11

demotion. The court disagreed and held that Fla. Stat. § 447.209, combined with the parties' collective bargaining agreement, limits a public employer's disciplinary actions against employees to those taken "for proper cause" and "legitimate reasons." *Id.* at 588.

*Kamenesh* is clearly distinguishable and not applicable in the present case. First, in *Kamenesh*, there was a collective bargaining agreement between the public employer, the City of Miami, and the police union allowing the police department "to suspend, demote, discharge, or take other disciplinary action against employees" only where "proper cause" was present. *Id.* It logically follows that because the relationship between the City of Miami and the police union was governed by a collective bargaining agreement, Florida Statutes § 447.209 would be applicable and controlling in that case. That is not the case presently before the Court. There is no collective bargaining agreement governing the relationship between Defendant and its employees or former employees, including Plaintiff, and Plaintiff has not alleged the existence of such a collective bargaining agreement in her Amended Complaint.

Second, in *Kamenesh,* the defendants, and everyone else, agreed that Florida Statutes § 447.209, as well as the parties' collective bargaining agreement, applied and determined the parties rights. *Id.* at 587. The Court in *Kamenesh* was not called upon to determine whether § 447.209 applied when there is not a collective bargaining agreement between the parties nor to otherwise determined the scope of the statute.

As set forth above, the case law supports Defendant's interpretation. Section § 447.209 is not applicable in this case because the parties do not have a collective bargaining agreement

Plaintiff also quotes portions of Florida Statutes § 447.401 as providing all public employees with the "right to a fair and equitable grievance procedure administered without regard to membership or nonmembership in any organization." *See* Amended Complaint [Dkt.

12

1123581.1

46] at ¶ 8(b) Plaintiff further claims that § 447.401 requires that "such grievance procedure shall have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties…'" *Id*. Plaintiff's piecemeal quotes from the statute to support her position are inappropriate. At the onset, § 447.401 states that "[e]ach public employer and bargaining agent shall negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement." *See* Fla. Stat. § 447.401 (2009).

Nothing in the statute mandates grievances for all public employees. Rather, Florida Statutes § 447.401 specifically provides that where public employees have selected a bargaining agent, the public employer and the bargaining agent are required to negotiate a grievance procedure. *Id.* This goes hand in hand with the overall purpose of Chapter 447, that of regulating labor unions within the State of Florida. It then logically follows that the portion of the statute quoted by the Plaintiff further defines the type of grievance to be provided by a public employer and the public employees' bargaining agent. Moreover and further implementing the rights guaranteed to public employees under Section 6, Article I of the Florida Constitution where a collective bargaining agreement exists, § 447.401 provides that all employees of that employer are entitled to a grievance whether they choose to join the union or not. Plaintiff cannot quote portions of a statute as granting her certain rights while disregarding other portions of the same statute that expressly nullify her reading and interpretation.

Chapter 447 of the Florida Statues, and specifically §§ 447.209 and 447.401, do not create a property interest in employment for public employees, like the Plaintiff, in the State of Florida. A contrary holding would invalidate the legislative decisions of hundreds of governmental employers throughout the State of Florida that the employment relationship with

13

their employees is an at will relationship conferring no property right on those employees. The statutory provisions relied upon by Plaintiff only create a property interest if there is a collective bargaining agreement in place. Plaintiff has not alleged in her Amended Complaint that a collective bargaining agreement existed between the parties, which is an essential element of her claim. Accordingly, Plaintiff has not and cannot plead facts sufficient to create a property interest under Florida Statute Chapter 447 and therefore Plaintiff's Amended Complaint fails to state a cause of action.

**B.** **Conclusion**

WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court enter an Order dismissing Count I of Plaintiff's Amended Complaint.

Respectfully submitted,

s/ Angelique Groza Lyons
Angelique Groza Lyons, Esq. Fla. Bar No. 118801
alyons@constangy.com
Michael D. Malfitano, Esq., Fla. Bar No. 188247
mmalfitano@constangy.com
John W. Campbell, Esq., Fla. Bar No. 198021
jcampbell@constangy.com
CONSTANGY, BROOKS & SMITH, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of August, 2010, I electronically filed the foregoing document with the Clerk of the Court and an electronic copy of this document was served on Jennifer Daley, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154.

s/ Angelique Groza-Lyons
Attorney for Defendant

1123581.1