UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTINA LANEY,

                    Plaintiff,

vs.                                    Case No.  2:09-cv-678-FtM-29SPC

HOSPITAL BOARD OF DIRECTORS OF LEE
COUNTY, a political subdivision of
the State of Florida, corporation
doing business as Lee Memorial
Health System,

                    Defendant.
_____


**OPINION AND ORDER**

        This matter comes before the Court on Defendant Hospital Board
of Directors of Lee County's Motion to Dismiss Count I of
Plaintiff's Amended Complaint.  (Doc. #47.)  Plaintiff Kristina
Laney filed a Response.  (Doc. #50.)  Also before the Court is
Defendant's Motion for Summary Judgment (Doc. #51), to which a
Response (Doc. #59) was filed on October 18, 2010.  The dispositive
issue as to both motions is whether plaintiff has a cause of action
for violation of her federal constitutional right to procedural due
process of law based upon the termination of her employment with
the Lee Memorial Health System.  As to this issue, there are no
material disputed facts, so the matter may be resolved under either
motion.  The Court has considered the legal memoranda submitted in
connection with the summary judgment motion as to this issue, but
resolves the matter on the motion to dismiss.

**I.**

Kristina Laney (Laney or plaintiff) filed a one-count Amended Class Action Complaint and Demand for Jury Trial (Doc. #46) (the Amended Complaint).  The factual allegations in the Amended Complaint are as follows:  Defendant Hospital Board of Directors of Lee County (hereafter Lee Memorial Health System)[1] is a legislatively created political subdivision of the State of Florida which is a special taxing district operating hospitals within Lee County, Florida.  From February 1987 through April 17, 2009, plaintiff was employed by the Lee Memorial Health System or its predecessor, most recently as a respiratory therapist at Health Park Medical Center.  Plaintiff was terminated on April 17, 2009, based upon allegations of insubordination, poor judgment, poor attitude towards co-workers, not following department policy, and patient safety.  Plaintiff's termination was upheld following a June 24, 2009 internal Grievance Hearing.  Plaintiff asserts that this Grievance Hearing violated her due process rights because allegations were made against her in addition to those contained in her April 17 notice of termination; all testimony was unsworn; many allegations were supported solely by hearsay; she was not allowed to compel attendance of witnesses; and witnesses helpful to

---

[1]Hospital Board of Directors of Lee County is the former name of the special district, which was changed in 2000 to the Lee Memorial Health System when the Florida Legislature enacted Ch. 2000-439, Laws of Florida, Special Acts, 2000.

Plaintiff were limited in number, were scheduled for work in such a way to make their appearances virtually impossible, or were told by defendant's personnel that they were not required to attend. Plaintiff claims, pursuant to 42 U.S.C. § 1983, that she was thereby deprived of her constitutionally protected property interest in her public employment without due process.

## II.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). The Eleventh Circuit has recently held that cases brought under § 1983 are governed by the same motion to dismiss standards as other civil cases. Randall, 610 F.3d at 710. "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Court need not accept legal conclusions which are set forth in a complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Dismissal is warranted if, assuming the truth

of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.   Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In this case, the dispositive legal issue is whether plaintiff has a cause of action for violation of her federal constitutional right to procedural due process of law based upon the termination of her employment with the Lee Memorial Health System.   Plaintiff agrees that a motion to dismiss is the proper procedural vehicle to resolve this legal issue.  (Doc. #50, p. 3.)  The resolution of the issue, in turn, depends upon whether plaintiff had a constitutionally protected property interest in her employment with the Lee Memorial Health System, and if so, whether she has an adequate state remedy for termination of the employment.   For the reasons set forth below, the Court concludes that plaintiff had no property interest in her employment with the Lee Memorial Health System and, in any event, did have an adequate state remedy. Therefore, the motion to dismiss will be granted for failure to state a claim upon which relief may be granted.

### III.

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."   42 U.S.C. § 1983.  A party who asserts a claim for relief under 42 U.S.C.

§ 1983 must allege and ultimately prove that (1) plaintiff was deprived of a right secured by the Constitution or laws of the United States, (2) the person who deprived her of that right acted under color of state law, and (3) there was a causal connection between the constitutional violation and defendant's acts or omissions. <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999); <u>Troupe v. Sarasota County, Fla.</u>, 419 F.3d 1160, 1165 (11th Cir. 2005); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc). Only the first element is at issue in the motion to dismiss.

The constitutional right at issue in this case is the right to due process of law under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment guarantees each citizen that no State shall "deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const., amend. XIV, § 1. The Supreme Court has determined that the Due Process Clause provides both procedural and substantive rights. <u>Zinermon v. Burch</u>, 494 U.S. 113, 125 (1990); <u>Doe v. Moore</u>, 410 F.3d 1337, 1342 (11th Cir. 2005). The substantive due process component protects an individual's life, liberty and property against "certain government actions regardless of the fairness of the procedures used to implement them." <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986). Substantive due process protects only those rights that are "fundamental," that is, rights that are so implicit

in the concept of ordered liberty that neither liberty nor justice would exist if they were sacrificed.  Moore, 410 F.3d at 1342-43.  "Fundamental rights are those rights created by the Constitution."  Greenbriar Vill., L.L.C. v. Mountain Brook City, 345 F.3d 1258, 1262 (11th Cir. 2003).  "[E]mployment rights are state-created rights and are not 'fundamental rights' created by the Constitution," and therefore are only protected under the procedural, rather than substantive, component of the Due Process Clause.  McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc).

Plaintiff alleges that she was deprived of her federal constitutional right to procedural due process.  "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006)(citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); see also Bradsheer v. Florida Dep't of Highway Safety & Motor Vehicles, 20 So. 3d 915, 918 (Fla. 1st DCA 2009).  Even if plaintiff alleges and satisfies these elements, she cannot state a federal procedural due process claim if adequate state remedies are available to her.  McKinney, 20 F.3d at 1562-64; Walton v. Health Care Dist., 862 So. 2d 852, 856 (Fla. 4th DCA 2003).  "It is the state's failure to provide

adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." <u>Cotton v. Jackson</u>, 216 F.3d 1328, 1331 (11th Cir. 2000).

> This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation.

<u>Id.</u>  Plaintiff's case, therefore, hinges on whether she has a property interest in her employment under Florida law and whether she has an adequate state remedy available to challenge her termination.

## A.  Property Interest in Public Employment in Florida

Plaintiff alleges that she had a property interest in her employment with Lee Memorial Health System.  If she is incorrect, there can be no denial of due process.  <u>Economic Dev. Corp. v. Stierheim</u>, 782 F.2d 952, 953-54 (11th Cir. 1986).  It is undisputed that plaintiff was employed by the Lee Memorial Health System.  It is also undisputed that Lee Memorial Health System is a public body, and therefore a "public" employer within the meaning of the Fourteenth Amendment case law.  Neither party disputes that plaintiff was an employee in the ordinary sense of the word, and was therefore a "public employee" engaged in "public employment" within the meaning of the Fourteenth Amendment case law.  The Court

looks to state law to determine whether such public employment constitutes a property interest.  Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Bradsheer, 20 So. 3d at 918.

**(1)  At-Will Employment in Florida**

"The established rule in Florida relating to employment termination is that [w]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract."  Smith v. Piezo Tech. & Prof'l Admn'rs., 427 So. 2d 182, 184 (Fla. 1983)(internal quotation marks and citations omitted).  Stated slightly differently, "[t]he general rule in Florida is that a contract for employment for an indefinite term is terminable at the will of either the employee or employer, and an action for wrongful discharge will not lie." Lurton v. Muldon Motor Co., 523 So. 2d 706, 708 (Fla. 1st DCA 1988).  Under Florida law, if Laney was an at-will employee, her employment could be terminated for any or no reason, and as a matter of law she could not state a cause of action for her termination.  Walton, 862 So. 2d at 855 (citing cases).  Such an "at-will" employee has no property right in his or her continued employment.  Blanton v. Griel Memorial Psychiatric Hosp., 758 F.2d 1540, 1543 (11th Cir. 1985) ("a state employee who may be discharged at will under state law does not have a property interest in his continued employment and is not entitled to the

protections of due process."); Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983).  Unless the Plaintiff can establish that Florida law grants her a property interest in her employment, her claim must be dismissed.

**(2)  Public Employment in Florida**

For constitutional purposes, a property interest in employment is defined as a legitimate expectation of continued employment.

> An individual may, in a public employment context, establish entitlement to procedural due process under the United States and Florida Constitutions, by showing a property interest in his or her position. [ ] The concept of a property interest has been defined by the United States Supreme Court as a legitimate expectation of continued employment. [ ] Such legitimate expectations of continued employment establishing property interests are not created by the United States Constitution, rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law. [ ] Consequently, [the appellant] had to sufficiently allege a property interest in his position under Florida law in order to establish his entitlement to any procedural due process safeguards.

McRae v. Douglas, 644 So. 2d 1368, 1372-73 (Fla. 5th DCA 1994) (internal citations and quotations omitted); see also Bishop v. Wood, 426 U.S. 341, 344-345 (1976).  A property interest "may be created by statute, ordinance or contract, as well as policies and practices of an institution which support claims of entitlement." Moser v. Barron Chase Secs., Inc., 783 So. 2d 231, 236 n.5 (Fla. 2001).  To support her assertion of a property interest in her public employment, Plaintiff relies on the Florida Public Employees Relations Act (PERA), Fla. Stat. §§ 447.201-447.609, and Joshua v.

City of Gainesville, 768 So. 2d 432 (Fla. 2000).  The Court
concludes that neither establishes a property interest in
plaintiff's employment.

   **(a)** __**Joshua v. City of Gainsville**__:

   Plaintiff cites to the statement in Joshua that "[p]ublic
employment is a constitutionally protected property interest," 768
So. 2d at 439, but initially does not contend that this establishes
that __all__ public employment is a constitutionally protected property
interest.  (Doc. #50, p. 4.)  Plaintiff does argue, however, that
Joshua "trumps" the at-will status plaintiff may otherwise have
under Florida law.  (Doc. #50, p. 10.)

   The Court finds that this statement in Joshua is dicta, and
that its breadth is not supported by either of the two Supreme
Court cases it cites, Gilbert v. Homar, 520 U.S. 924 (1997) and
Board of Regents v. Roth, 408 U.S. 564 (1972).  Nothing in the
actual holding of Joshua (dealing with a statute of limitations)
supports a view that a public employee in Florida has a property
interest in his or her employment simply by virtue of being
employed by a public entity.  Rather, as noted above, a legitimate
expectation of continued employment is required before there is a
property interest in public employment.  Plaintiff has cited no
case which interprets Joshua's dicta to create an automatic
property interest in public employment, and the Court has found
none.

**(b) Florida's Right to Collective Bargaining:**

Plaintiff argues that her employment with the Lee Memorial Health System, coupled with the Public Employment Relations Act, created a property interest in her public employment. As plaintiff states: "The sole issue is whether Florida's Public Employment Relations Act creates and recognizes a constitutionally protected property interest in rank-and-file public employment for which due process is required before deprivation of such a right." (Doc. #59, p. 1.) Plaintiff asserts that Part II of PERA controls public employee labor relations in Florida, and preempts any "at-will" status for employees of the Lee Memorial Health System because such "at-will" employment is inconsistent with Florida's constitutionally guaranteed right to collectively bargain. (Doc. #50, p. 6.) While plaintiff concedes that she and the other employees at Lee Memorial Health System are not unionized, (Doc. #47, p. 6; Doc. #50, p. 6), she argues that specific portions of PERA provide her with sufficient protections to create a property interest in her employment.

The issue begins with the Florida Constitution. The Florida Constitution, article 1, section 6, provides:

> Right to Work. The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.

Fla. Const. art. 1, § 6.  The Florida Supreme Court has found the right to collective bargaining to be of a fundamental character, has applied a strict scrutiny test to any action which tends to undermine the right, and has recognized that since the 1968 revision of the Florida Constitution, both private and public employees have the same broad rights to collective bargaining. Coastal Fla. Police Benevolent Ass'n v. Williams, 838 So. 2d 543, 548 (Fla. 2003)(citations omitted).  Williams held that the Florida Constitution granted all employees, including deputy sheriffs, the right to collective bargaining.  Id. at 552.

Chapter 447, Part II, of the Florida Statutes (1989), (sections 447.201-447.609), implements this collective bargaining right and sets forth the procedures to be followed in such bargaining.  Sarasota Cnty. Sch. Dist. v. Sarasota Classified/Teachers Ass'n, 614 So. 2d 1143, 1146 (Fla. 2d DCA 1993).  These provisions grant public employees the right of organization and representation; require the state, local governments, and other political subdivisions to negotiate with collective bargaining agents duly certified to represent public employees; create the Public Employees Relations Commission; and recognize the constitutional prohibition against strikes by public employees and provide remedies for violations of such prohibition. See Fla. Stat. § 447.201.  Laney, as an employee in the ordinary sense of the word, is entitled to the protections of Part II.

SEIU, Local 16 v. Public Employees Relations Comm'n, 752 So. 2d 569, 573-74 (Fla. 2000).  This does not mean, however, that at-will public employment has been eliminated in Florida or that all public employment is a property interest.

Plaintiff asserts that Florida Statute § 447.209 authorizes a public employer to discipline an employee for "proper cause" and to relieve employees from duty "for other legitimate reasons."  From this, plaintiff argues that the employee has the rights to be disciplined only for proper cause and terminated only for legitimate reasons.  This provision, however, is the statutory management rights clause, not an employee rights provision.  It provides:

> It is the right of the public employer to determine unilaterally the purpose of each of its constituent agencies, set standards of services to be offered to the public, and exercise control and discretion over its organization and operations. It is also the right of the public employer to direct its employees, take disciplinary action for proper cause, and relieve its employees from duty because of lack of work or for other legitimate reasons. However, the exercise of such rights shall not preclude employees or their representatives from raising grievances, should decisions on the above matters have the practical consequence of violating the terms and conditions of any collective bargaining agreement in force or any civil or career service regulation.

Fla. Stat. § 447.209.  "In Florida, management rights are recognized in section 447.209.  The collective bargaining rights of employees are guaranteed by article I, section 6, of the Florida Constitution and the PERA, specifically section 447.301."  Palm

Beach Junior Coll. Bd. of Trs. v. United Faculty of Palm Beach Junior Coll., 475 So. 2d 1221, 1225 (Fla. 1985). "[R]ather than conferring a general property interest upon public employees of Florida, expressly reserves to employers the traditional management prerogatives that are involved in operating a business, insofar as they are not exploited (1) to refuse contractually obligatory grievance procedures, or (2) to commit unfair labor practices." Tanner v. McCall, 441 F. Supp. 503, 508 (M.D. Fla. 1977). The Court concludes that § 447.209 does not change the at-will status of public employees who are not employed pursuant to a collective bargaining agreement.

Section 447.301, to which Plaintiff also cites, (Doc. #50, pp. 7-8), states that public employees have a right to unionize or to choose not to unionize, and that they have the right to present their own grievances separately from the bargaining agent unless to do so would contradict the terms of the collective bargaining agreement. The right of a public employee to unionize, or to refuse membership in a union, or to act outside of its structure, is not in dispute in this case, and is irrelevant to a finding of a property interest in employment. There is nothing in these provisions which is inconsistent with at-will employment.

Plaintiff also cites to § 447.401 as support for her claim of a property right in her employment. (Doc. #50, p. 7.) Plaintiff argues that § 447.401 gives all public employees the right to a

-14-

fair and equitable grievance procedure administered without regard
to membership or non-membership in a collective bargaining
organization and with a terminal step of a final and binding
disposition by a mutually selected impartial neutral.  This
statute, however, only requires that such a grievance procedure be
included in all public employee labor contracts.  The statute
provides:

> Each public employer and bargaining agent shall negotiate
> a grievance procedure to be used for the settlement of
> disputes between employer and employee, or group of
> employees, involving the interpretation or application of
> a collective bargaining agreement. Such grievance
> procedure shall have as its terminal step a final and
> binding disposition by an impartial neutral, mutually
> selected by the parties; however, when the issue under
> appeal is an allegation of abuse, abandonment, or neglect
> by an employee under s. 39.201 or s. 415.1034, the
> grievance may not be decided until the abuse,
> abandonment, or neglect of a child has been judicially
> determined. However, an arbiter or other neutral shall
> not have the power to add to, subtract from, modify, or
> alter the terms of a collective bargaining agreement. If
> an employee organization is certified as the bargaining
> agent of a unit, the grievance procedure then in
> existence may be the subject of collective bargaining,
> and any agreement which is reached shall supersede the
> previously existing procedure. All public employees shall
> have the right to a fair and equitable grievance
> procedure administered without regard to membership or
> nonmembership in any organization, except that certified
> employee organizations shall not be required to process
> grievances for employees who are not members of the
> organization. A career service employee shall have the
> option of utilizing the civil service appeal procedure,
> an unfair labor practice procedure, or a grievance
> procedure established under this section, but such
> employee is precluded from availing himself or herself to
> more than one of these procedures.

Fla. Stat. § 447.401.  It is undisputed that there is no collective bargaining agreement involved in this case.  Accordingly, this section, like § 447.209, does not apply to the Plaintiff, and therefore does not give the Plaintiff a property interest in her employment.

Plaintiff cites <u>Coastal Fla. Police Benevolent Ass'n v. Williams</u>, 838 So. 2d 543 (Fla. 2003) and <u>Kamenesh v. Miami</u>, 772 F. Supp. 583 (S.D. Fla. 1991) in support of her interpretation of the PERA to grant her a property right in her employment.  (Doc. #50, pp. 6,7.)  Neither support plaintiff's position.  <u>Williams</u>, as discussed above, held that deputy sheriffs had to right to engage in collective bargaining under the Florida Constitution.  In <u>Kamenesh</u> there was a collective bargaining agreement, and in any event, the approach in that case was abrogated in <u>Cannon v. City of West Palm Beach</u>, 250 F.3d 1299, 1303 (11th Cir. 2001).

Since Plaintiff was an at-will employee, and has not demonstrated that state law gave her a property interest in her employment, plaintiff can have no procedural due process claim under the Fourteenth Amendment to the United States Constitution.  Plaintiff's § 1983 claim must be dismissed for failure to state a claim upon which relief can be granted.

**B.  Available State Remedies**

Alternatively, even if plaintiff establishes a property interest in her employment, to state a cause of action for a

violation of procedural due process she must also establish that there was no state remedy for her termination. This is not an affirmative defense, but an element of the cause of action. McKinney, 20 F.3d at 1557 ("only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise"). "[T]his directive is a recognition that procedural due process violations do not even exist unless no adequate state remedies are available." Cotton, 216 F.3d at 1331 n.2.

State law provides a public employee with alternative remedies depending upon whether or not the termination decision is quasi-judicial. If the employee was entitled to receive notice and a hearing, she may seek certiorari review of her termination in state circuit court sitting in its appellate capacity; if the employee was not entitled to such notice and a hearing, she may file an independent cause of action concerning her dismissal. Walton, 862 So. 2d at 853-55. In Walton a special district terminated the employment of a nurse after what the nurse alleged was an inadequate and unfair hearing. Because there was no statute or ordinance requiring the special district to give an employee notice or a hearing, the Fourth District Court of Appeals held that the decision was not quasi-judicial, and the nurse could bring an independent cause of action challenging the termination as wrongful. The Court of Appeals held that the wrongful termination

claim was properly dismissed because it failed to sufficiently allege that the employee handbook or manual created enforceable rights, but that dismissal should have been without prejudice. The Court of Appeals upheld the dismissal of the federal procedural due process claim because an adequate state remedy of a declaratory judgment action was available. Id. at 856-57.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. #47) is **GRANTED,** and the Amended Complaint (Doc. #47) is dismissed without prejudice.

2. Defendant's Motion for Summary Judgment (Doc. #51) is **DENIED** as moot.

3. The Clerk shall enter judgment dismissing the Amended Complaint without prejudice, terminate all deadlines and motions as moot, and close the file. The Final Pretrial Conference scheduled for December 20, 2010, at 9:00 a.m. is **cancelled.**

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of December, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record